# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HMC ASSETS, LLC,**

    **Plaintiff,**

**v.**                                                                 Case No: 6:17-cv-1255-Orl-31DCI

**CITY OF DELTONA,**

    **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 34) filed by the Defendant, the City of Deltona (henceforth, the "City") and the response in opposition (Doc. 37) filed by the Plaintiff, HMC Assets, LLC ("HMC").

**I.    Background**

According to the allegations of the Second Amended Complaint (Doc. 33), which are accepted in pertinent part as true for purposes of resolving the instant motion, HMC foreclosed on a parcel of real estate (henceforth, the "Property") located in Deltona. In November 2014, when the foreclosure proceedings began, the Property included a single-story residence. However, in April 2016 – about a month before HMC obtained its final judgment of foreclosure – the City of Deltona demolished the residence. Although it was properly listed in various government records as a mortgage holder on the Property, HMC did not receive notice of the impending demolition or of the ordinance violations and resulting fines that led up to it.

HMC filed the instant suit on May 22, 2017 in state court; it was removed to this court on July 7, 2017. In its Second Amended Complaint (Doc. 32), HMC asserts three claims: inverse condemnation under the Florida Constitution (Count I); a federal takings claim under the United

States Constitution (Count II); and a procedural due process claim pursuant to 42 U.S.C. § 1983 (Count III). By way of the instant motion, the City seeks dismissal of all three counts.

**II.    Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court must also limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.

Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. at 1949 (internal citations and quotations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

### III.	Analysis

#### A.	Count I – Inverse Condemnation

Under Florida law, a cause of action for inverse condemnation will lie against a government agency that by its conduct or activities has taken private property without a formal exercise of eminent domain. *Schick v. Florida Dept. of Agriculture*, 504 So. 2d 1318, 1319 (Fla. 1st DCA 1987). However, as acknowledged in the Second Amended Complaint, a Florida appellate court has held that a mortgagee such as HMC lacks standing to bring an inverse condemnation claim. In *VLX Properties, Inc. v. Southern State Utilities, Inc.*, 701 So. 2d 391, 393 (Fla. 5th DCA 1997), *receded from in part on other grounds*, *VLX Properties, Inc. v. Southern State Utilities, Inc.*, 792 So. 2d 504 (Fla. 5th DCA 2001), a property owner brought an inverse condemnation action against a utility company that was discharging reclaimed water on its land. The holder of a mortgage on the property at issue sought to bring its own inverse condemnation claim against the utility. *Id.* at 395. The trial court rejected the effort on the grounds that the mortgagee lacked standing to bring such a claim. *Id.* The appellate court affirmed as to the lack of standing:

> The Florida Constitution provides in Article X, Section 6 that private property should not be taken for a public purpose without full compensation being paid to the "owner" thereof. A mortgagee of property in Florida has a lien interest rather than an ownership interest in property encumbered by its mortgage. *Martyn v. First Federal Savings & Loan Ass'n of West Palm Beach*, 257 So.2d 576,

> 578 (Fla. 4th DCA 1971), *cert. denied*, 262 So.2d 446 (Fla.1972).
> Because CVR as a mortgagee does not have an ownership interest,
> we hold the trial court did not err in concluding CVR did not have
> standing to bring an action for inverse condemnation.

*Id*.

In determining state law, federal courts must follow the decision of the state's highest court, and in the absence of such a decision they must adhere to the decisions of the intermediate appellate courts unless there is some persuasive indication that the state's highest court would decide the issue otherwise. *Flintkote Co. v. Dravo Corp.*, 678 F.2d 942, 945 (11th Cir. 1982). In its response to the motion to dismiss, HMC requests a "determination of the reach" of the decision in *VLX Properties*, implicitly suggesting that the Florida Supreme Court might disagree with it. (Doc. 37 at 5). However, HMC has not provided any basis for concluding that Florida law on this point may change, and the Court's research has not uncovered any. The *VLX Properties* decision remains good law, and there are no appellate-level decisions that reach a different conclusion. The decision *VLX Properties* relied upon for its holding that mortgagees do not have ownership interests – *Martyn* – also remains good law. Even the decision relied upon in *Martyn* for this proposition, *Waldock v. Iba*, 153 So. 915 (Fla. 1934), has not been overturned or questioned.

HMC does cite to one law review article somewhat criticizing the decision in *VLX Properties:* Ronald Benton Brown & Joseph M. Grohman, *Property Law: 1998 Survey of Florida Law*, 23 Nova L. Rev. 229, 275 (1998). In discussing the court's treatment of the standing issue in *VLX Properties*, the authors of the article state:

> This analysis understates the matter. Under the circumstances, this
> mortgagee was not deprived of any property rights. However, it is
> conceivable that a mortgagee might be deprived of its security by
> governmental action so as to have standing to bring an inverse
> condemnation suit, even though that did not occur in this case.

*Id.* at 275. However, the article's discussion ends there. The authors do not explain why a mortgagee would possess standing in such a suit, and HMC itself does not offer any such explanation. Accordingly, the Court finds that it is bound to follow the decision in *VLX Properties*. Count I will be dismissed due to lack of standing.

### B.     Count II – Federal Takings Claim

The Takings Clause of the Fifth Amendment, made applicable to the States through the Fourteenth Amendment, see *Chicago, B. & Q.R. Co. v. Chicago*, 166 U.S. 226, 17 S.Ct. 581, 41 L.Ed. 979 (1897), provides that private property shall not "be taken for public use, without just compensation." In Count II, the Plaintiff asserts a federal takings claim based on the demolition of the house formerly located on the Property.

The City asserts that, for purposes of the Fifth Amendment, no taking occurs until the property owner has been deprived of "all reasonable beneficial use of the property." (Doc. 34 at 11). In this case, the City contends, HMC has not stated a Fifth Amendment takings claim because it merely alleges a decrease in the value of the property, not a deprivation of all reasonable beneficial use. (Doc. 34 at 11).

The cases cited by the City in support of this point, while good law, are beside the point. The cited cases have to do with alleged regulatory takings.[1] Because HMC is not asserting that a regulatory taking occurred here, it is not required to show that it has been deprived of all reasonable beneficial use of the Property to state a claim. "The paradigmatic taking requiring just compensation is a direct government appropriation or physical invasion of private property."

---

[1] For example, *Nasser v. City of Homewood,* 671 F.2d 432 (11trh Cir. 1982), which the City cited for its holding that a mere decrease in property values cannot constitute a taking, involved property owners suing a city for rezoning their land from multi-family residential to single-family residential. *Id.* at 434.

- 5 -

*Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 536, 125 S.Ct. 2074, 2081, 161 L.Ed.2d 876 (2005) (citations omitted).

> Indeed, until the Court's watershed decision in *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 43 S.Ct. 158, 67 L.Ed. 322 (1922), "it was generally thought that the Takings Clause reached only a 'direct appropriation' of property, or the functional equivalent of a 'practical ouster of [the owner's] possession.'" *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1014, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992) (citations omitted and emphasis added; brackets in original); see also *id.*, at 1028, n. 15, 112 S.Ct. 2886 ("[E]arly constitutional theorists did not believe the Takings Clause embraced regulations of property at all").

*Lingle*, 544 U.S. at 537, 125 S.Ct. at 2081. *See also U.S. v. General Motors Corporation*, 323 U.S. 373, 378, 65 S.Ct. 357, 360, 89 L.Ed. 311 (1945) (holding that destruction of property can constitute a "taking," even though the government in such a case does not obtain the property at issue). *And see Johnson v. City of Prichard*, 771 F.Supp.2d 1310 (S.D. Ala. 2011) (analyzing whether demolition of plaintiff's home without compensation violated Takings Clause).

In addition, although the City has not raised the issue here, the United States Supreme Court has held that taking of a mortgagee's rights without compensation can violate the Takings Clause. *See Louisville Joint Stock Land Bank v. Radford*, 295 U.S 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935) (holding that provision of Bankruptcy Act that barred banks from foreclosing on farms for five years during bankruptcy deprived mortgagees of property rights without compensation in violation of Takings Clause).

Accordingly, the motion will be denied as to Count II.

### C. Count III – Procedural Due Process

In Count III, pursuant to 42 U.S.C. § 1983, HMC contends that the City's failure to notify it of the violations and fines accruing on the Property and of the intent to demolish the house located on the Property resulted in a deprivation of its property without due process, in violation of

the Fifth Amendment. (Doc. 32 at 13). "In this circuit, a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003).

The City argues that HMC has not alleged that it has been deprived of a property interest here, and therefore it has failed to state a procedural due process claim. More particularly, the City argues that HMC does not allege (1) that it was totally deprived of its rights under its mortgage lien, or (2) that, post-foreclosure, it has been deprived of possession of the Property. (Doc. 33 at 15). Under federal law, a mortgagee possesses a legally protected property interest in the premises for purposes of the Fifth Amendment. Accordingly, a mortgagee is entitled to notice and opportunity to be heard prior to the demolition of a building on the subject property. *See, e.g., First Nat. Acceptance Co. v. City of Utica, N.Y.*, 26 F.Supp.3d 185 (N.D. N.Y. 2014). The motion will be denied as to Count III.

### IV.     Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 34) is **GRANTED IN PART AND DENIED IN PART** as set forth above. Count I is **DISMISSED** due to a lack of standing. In all other respects, the motion is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 31, 2018.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE